IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ARTHUR ROBERTS II,<br>    Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§  Civil Action No. 4:20-CV-1019-O<br>§<br>§<br>§<br>§<br>§ |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Arthur Roberts II, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

## I. BACKGROUND

On March 23, 2017, having found Petitioner guilty of aggravated sexual assault, a jury in Tarrant County, Texas, Case No. 1333424D, assessed his punishment at life imprisonment and a $10,000 fine. Clerk's R. 366, ECF No. 18-6. On April 12, 2018, Petitioner's conviction was affirmed on appeal. Mem. Op. 9, ECF No. 18-1. Petitioner did not file a petition for discretionary review. Pet. 3, ECF No. 1. On March 23, 2019,[1] Petitioner filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on September 18, 2019,

---

[1] A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not reflect that information, however he signed the document on March 23, 2019. For purposes of this opinion, the Court deems the application filed on that date.

without written order. SHR[2] 28, ECF No. 18-14; Action Taken, ECF No. 18-13. Petitioner filed this federal habeas petition challenging his conviction on September 8, 2020,[3] raising three grounds for relief. Pet. 10, ECF No. 1. Respondent asserts that the action is untimely under the federal statute of limitations. Resp't's Preliminary Answer 4-7, ECF No. 17.

## II. DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

---

[2] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-36,477-02.

[3] Likewise, a prisoner's pro se federal habeas petition is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period commenced on the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, Petitioner's conviction became final on Monday, May 14, 2018,[4] upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals, and expired one year later on May 14, 2019. *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, Petitioner's federal petition was due on or before May 14, 2019, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application, pending from March 23, 2019, to September 18, 2019, operated to toll the federal limitations period for 180 days under § 2244(d)(2), making his petition due on or before November 10, 2019. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Therefore, his federal petition filed on September 8, 2020, is untimely unless Petitioner can demonstrate that additional tolling as a matter of equity is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). A habeas petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

---

[4]May 12, 2018, was a Saturday.

evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). In his objection to Respondent's preliminary answer, Petitioner refers to difficulty obtaining state court records, however this is a common problem among inmates trying to pursue post-conviction habeas relief and does not present exceptional circumstances warranting equitable tolling. Pet'r's Obj. 9,[5] ECF No. 24. *See also Johnson v. Davis,* No. 4:17-CV-026-O, 2018 WL 11292264, at *2 (N.D. Tex. July 24, 2018); *Parker v. Davis,* No. 4:17-CV-450-A, 2018 WL 3717014, at *2 (N.D. Tex. Aug. 3, 2018); *Thomas v. Davis,* No. 4:17-CV-119-Y, 2018 WL 1305607, at *2 (N.D. Tex. Mar. 13, 2018). He also makes reference to "exceptional circumstances, including the denial of access to courts and cruel and unusual punishment," and to a successfully submitted "supplemental § 11.07 writ filed as 'new evidence,'" however beyond that he makes no coherent argument establishing that exceptional circumstances out of his control prevented him from timely filing his petition nor does he present new evidence establishing that he is actually innocent of the offense for which he stands convicted. Pet'r's Obj. 13, ECF No. 24. In sum, Petitioner has not demonstrated a basis for equitable tolling.

Accordingly, Petitioner's federal petition was due on or before November 10, 2019. His petition filed on September 8, 2020, is therefore untimely.

**III. CONCLUSION**

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. §

---

[5] The pagination in the ECF header is used.

2241 is **DISMISSED** as time barred. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

    **SO ORDERED** on this 19th day of March, 2021.

                                    Reed O'Connor
                                    **UNITED STATES DISTRICT JUDGE**